IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marlene Lambright,            :

    Plaintiff,            :

  v.                          :     Case No. 2:12-cv-594

Kidney Serviecs of Ohio, et al.,:   JUDGE ALGENON L. MARBLEY
                                          Magistrate Judge Kemp

    Defendants.            :

ORDER

    This matter is before the Court on the motion for an extension of the discovery deadline filed by plaintiff Marlene Lambright.  Defendants Kidney Services of Ohio and Ohio Thrift Show & Sells have filed a response.  Ms. Lambright filed a motion to strike the response which the Court will construe as a reply in support of her motion.  For the following reasons, the motion for an extension of time will be granted in part.

    I.   <u>The Motion for an Extension</u>

    In her motion, Ms. Lambright requests an extension of time beyond the June 7 discovery deadline but does not specify of what length.  In support of her request, she explains that the deadline cannot be met for the following reasons.  "Plaintiff completed Defendants' requested Deposition on May 30th, 2013.  Plaintiff has not yet reviewed as the report is not completed.  Plaintiff's recent medical issues has compromised her mobility April and May 2013."

    In their response, defendants interpret Ms. Lambright's motion as a request to extend the discovery deadline indefinitely without good cause for the sole purpose of allowing her time to review her deposition transcript.  Defendants also note, however, that, after filing her motion and after the discovery deadline

passed, Ms. Lambright served written discovery, including interrogatories and requests for production. In light of this series of events, defendants argue that Ms. Lambright's motion should be denied because the review of a deposition transcript is not a sufficient reason for an open-ended extension of the discovery deadline or for permitting written discovery to go forward after that deadline. Further, defendants point out that Ms. Lambright did not request an extension of time to conduct written discovery in her motion for an extension. They also challenge her reason for the requested extension, contending that Ms. Lambright's alleged mobility issues would not have impeded her ability to serve discovery just as they did not compromise her ability to attend court-ordered mediation or her own deposition.

At the same time, defendants recognize Ms. Lambright's pro se status. However, they assert that such status does not excuse her failure to comply with a straightforward discovery deadline. Additionally, they contend that an extension of the discovery deadline in light of Ms. Lambright's failure to adhere to the Court's rules will result in prejudice to both them and the Court. Finally, however, they state that they would agree to a 30-day extension - until July 10, 2013 - for Ms. Lambright to review and verify her deposition transcript as long as the dispositive motion deadline is extended from June 24, 2012 to July 15, 2013.

In reply, Ms. Lambright asserts that she is not requesting an indefinite extension of the discovery deadline and that the basis for her requested extension are her "medical problems before and after July 16, 2012." She seems to suggest that an extension is warranted, in part, because "[t]he Defendants Discovery was not available for Plaintiff to review on June 7th, 2013." She also appears to be arguing, by citation to other

cases, that other pro se plaintiffs have been granted multiple extensions and that defendants are not in a position to define her as careless or lacking in diligence.

## II. Legal Standard

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner."  Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."  Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause.  Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  Inge v.

Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).  The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005)).  It is with these standards in mind that Ms. Lambright's motion will be decided.

### III.  Analysis

At the outset, the Court notes that, because the defendants do not have any objection to a brief extension of time to allow Ms. Lambright to review her deposition transcript as she requested in her motion, the real issue here is whether she should be granted an extension of time to undertake written discovery.  On this issue, defendants argue that Ms. Lambright did not serve any written discovery on them until after the discovery cut-off and her demonstrated lack of diligence precludes any extension.  Ms. Lambright does not dispute that she did not undertake written discovery prior to the deadline.  Nor does she argue that, despite her diligence in pursuing discovery, she was unable to complete the necessary discovery before the deadline.  At best, her argument in support of an extension is that the defendants did not undertake her deposition in time to permit her review of it prior to the deadline and that she has several health issues.  Neither of these issues provides a basis for a finding of diligence necessary to support an extension of the discovery cut-off under the circumstances presented here.

First, the timing of the defendants' taking of her deposition simply is not an issue addressed to Ms. Lambright's diligence in undertaking discovery.  Further, given the history

of this case, Ms. Lambright's health issues do not provide a basis for a finding of diligence on her behalf.  Although Ms. Lambright argues that she has had medical problems before and after July 16, 2012, and underwent "major back surgery" on August 28, 2012, she has been actively involved in prosecuting this case since those dates.  For example, she participated in the Rule 26(f) conference on October 8, 2012, and the preliminary pretrial conference on October 30, 2012.  She also responded to defendants' discovery requests in December, 2012, participated in a settlement week conference on Apri 12, 2013, and attended her deposition on May 30, 2013.  Aside from her bare statement that she has medical issues, she has provided no information in the record to allow the Court to conclude that she attempted to pursue discovery within the established time frame and was hampered in her efforts as a result of those issues.

In light of the above, the Court cannot conclude that Ms. Lambright has established good cause for an extension of the discovery deadline for purposes of propounding written discovery on the defendants.  Ms. Lambright's pro se status does not warrant a different conclusion.  The Sixth Circuit Court of Appeals has made clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."  Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. Id. at 110.

However, because the defendants have agreed to an extension of time until July 10, 2013, for the limited purpose of allowing her to review her deposition transcript, the Court will grant an

-5-

extension to that extent for that specific purpose only. Accordingly,, the dispositive motion deadline will be extended until July 15, 2013.

## IV. Conclusion

The motion for an extension of time (#30) is granted in part until July 10, 2013, for the limited purpose of allowing plaintiff to review her deposition transcript.  The dispostive motion deadline is extended until July 15, 2013.  The motion to strike (#37) is construed as a reply and shall be removed from the Court's pending motions list.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge